UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN HOTTENROTT, *et al.*,

    Plaintiffs,

v

IRON COUNTY, *et al.*,

    Defendants.

No. 2:23-cv-00117-PLM-PJG

HON. PAUL L. MALONEY

MAG. SALLY J. BERENS

_____/

**BRIEF IN SUPPORT OF MICHIGAN DEPARTMENT OF ATTORNEY GENERAL'S MOTION TO INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(1)**

B. Thomas Golden (P70822)
Brian K. McLaughlin (P74958)
Matthew B. Hodges (P72193)
Assistant Attorneys General
Michigan Dept. of Attorney General
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7584
goldent2@michigan.gov
mclaughlinb2@michigan.gov
hodgesm@michigan.gov

Dated: August 6, 2024

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether this Court should grant the Michigan Department of Attorney General's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a) filed in response to Plaintiffs' notice under Federal Rule of Civil Procedure 5.1?

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Statute**

    28 U.S.C. § 2403(b)

**Rules**

    Fed. R. Civ. P. 24(a)(1)

    Fed. R. Civ. P. 5.1

## STATEMENT OF THE CASE

Legal challenges to Michigan's Public Act 256 of 2020 are nothing new.[1] Indeed, this Court in *Fingal v. County of Ontonagon*, 2:23-cv-00061-PLM-PJG, ECF 43, PageID.1177, identified numerous cases addressing Michigan's Public Act 256 of 2020—a law revising or remedying parts of Mich. Comp. Laws § 211.78 *et seq.*—involving Michigan's delinquent property tax collection law. In that regard, this case covers nearly identical ground in asking this Court to declare Mich. Comp. Laws § 211.78t unconstitutional. R. 1, Compl., PageID.23. The allegation is that the law is unconstitutional both as applied and facially. *Id.* ("Enter an order declaring the Defendants' retention of

---

[1] Federal litigation involving explicit or implied challenges to Public Act 256 includes *Fox v. Cnty. of Saginaw*, Case No. 1:19-cv-11887, Eastern District of Michigan; *Sattler v. Cnty. of Kent*, Case No. 1:22-cv-00316, Western District of Michigan; and *Chuney v. Cnty. of Wayne*, Case No. 2:23-cv-10973-LVP-KGA, Eastern District of Michigan.

State court litigation challenging Public Act 256 includes: *Schafer v. Kent Cnty.*, ___ N.W.3d ___ (Mich. 2024), 2024 WL 3573500, Court issued a consolidated opinion affirming *Schafer* and reversing *Hathon* in *Breiner v. State of Michigan*, 1 N.W.3d 336 (Mich. Ct. App. 2023) (*Breiner* was consolidated with *Hathon* by the Michigan Court of Appeals); and *Proctor v. Saginaw Cnty. Bd. of Comm'rs*, 985 N.W.2d 193 (Mich. Ct. App. 2022), *appeal held in abeyance*, 1 N.W.3d 250 (Mich. 2024).

Plaintiffs' Accrued Surplus Proceeds as unconstitutional under the Michigan Constitution and United States Constitution, even if the conduct was taken under and consistent with the General Property Tax Act."). Defendants include numerous counties in the Western District and the various Treasurers for each county, in each Treasurer's individual and official capacities. *Id.*, PageID.6–7.

The State is not a named defendant in this case; it was not the Foreclosing Governmental Unit (FGU) for any of the counties where the underlying tax foreclosures occurred. Moreover, the State did not sell the properties and did not hold any remaining sale proceeds for subsequent distribution by State circuit courts, as provided by the remedial statute challenged here. On June 10, 2024, Plaintiffs' counsel sent a notice to the Michigan Department of Attorney General (Department) stating that "the constitutionality of a state statute has been placed in issue." (Ex. 1, Pls.' Rule 5 Notice.) Under the court rules and applicable law, the Department has 60 days to intervene, during which the Court may "reject the constitutional challenge"[2] but it "may

---

[2] Indeed, the Sixth Circuit has instructed the lower courts to abstain from adjudication some issues involving state law. *Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022).

2

not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c).

The Department moves to intervene for the narrow reason provided for intervention under these circumstances—to address the constitutionality of Michigan's Public Act 256 of 2020, should this Court determine it is appropriate to reach this State law issue of first impression. However, given the sheer volume of already pending cases addressing this issue, the Department believes that this motion could be conditionally granted should this specific case reach the constitutional challenge.

## ARGUMENT

### I.  The Department's motion satisfies Rule 24(a).

Federal Rule of Civil Procedure 24(a) covers intervention of right and provides that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). In 28 U.S.C. § 2403(b), Congress provided that "[i]n any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of

3

that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene . . . ." On June 10, 2024, the Department received notice under Rule 5.1 of Plaintiffs' complaint challenging Public Act 256.

The Attorney General for the State of Michigan, as the State's chief law enforcement officer, is authorized to defend the laws of this State when those laws are valid and constitutional. Mich. Const. art 5, § 3; Mich. Comp. Laws §§ 14.28 and 14.101. Consistent with the Michigan Attorney General's role, Mich. Comp. Laws § 14.101 authorizes the Michigan Attorney General to intervene in any case or proceeding, at any stage of the proceeding, in order to protect the State's interests.

Here, the State's law has been *drawn into question* by Plaintiffs' complaint. At least two other courts, see *Fox v. Saginaw* and *Chuney (Bowles) v. Wayne*, the presiding Judges each abstained from addressing the constitutionality of Public Act 256, in one instance because the same issue was then pending before Michigan's Court of Appeals in *Breiner v. State of Michigan,* 1 N.W.3d 336 (Mich Ct. App. 2023) [*Breiner* was

4

consolidated with *Hathon v. State*, No. 356501]. (Ex. 2, Order.) The Michigan Court of Appeals decided *Breiner/Hathon* on other grounds, and, thus, did not address the constitutionality of Public Act 256.

The State appealed *Hathon*, which the Michigan Supreme Court scheduled for oral argument on the application on March 13, 2024, the same day it heard oral argument in *Schafer*. On July 29, 2024, the Michigan Supreme Court issued an opinion finding that *Rafaeli* applied retroactively (i.e., affirming the Michigan Court of Appeals in *Schafer*), and generally upholding the statutory claim process in Mich. Comp. Laws § 211.78t (i.e., reversing the Michigan Court of Appeals in *Hathon*) because the statute "creates a controlling and structured system for adjudication of tax-foreclosure disputes *as the exclusive means of obtaining surplus proceeds*." 2024 WL 3573500, at *19 (emphasis added). Because Mich. Comp. Laws § 211.78t is the exclusive means, it "applies retroactively." *Id.* at *20. The Michigan Supreme Court's ruling in *Schafer* contains several caveats on the running of the statute of limitations for claims that arose before the enactment of Public Act 256. *Id.* at *21. The Michigan Supreme Court's ruling in *Schafer* may very well put an end to the onslaught of federal,

5

constitutional challenges to Public Act 256, and, therefore, may render this motion moot.

Regardless, each of the conditions of § 2403(b) is met, here. The State was not involved in the underlying events and is not presently a party in this case; Plaintiffs sued only the counties and county officials, not the State of Michigan or any State officials. See, e.g., *Chernin v. Welchans*, 110 F.R.D. 260 (N.D. Ohio 1986) (holding under § 2403[b] that the clerk of a municipal court was an employee or officer of the city, not of the state). And the action challenges the constitutionality of a Michigan statute. R. 1, Compl., PageID.23. . For these reasons, the Department moves to intervene for the limited purpose of addressing the constitutionality of Public Act 256 should this Court decide to address the constitutionality of Public Act 256 in this case.

In a substantially similar case filed in the Western District of Michigan, *Fingal v. County of Ontonagon,* the Court granted the Department's motion to intervene involving a challenge to the constitutionality of Public Act 256. (Ex. 3, Order Granting Mot. to Intervene, W.D. of Mich., Case 2:23-cv-61.)

6

Surely, it would seem a waste of resources, both for the Court and for the parties, to litigate the constitutionality of Public Act 256 across several cases. This is especially true when the same counsel or group of legal counsel have filed most or all of these overlapping lawsuits; there is virtually no risk that a party's arguments will not be heard, and, thus, considered before any decision is rendered.

Likewise, although the Department intends to defend Public Act 256, the Department believes that intervention should be conditional based, in part, on Defendants' motion to dismiss. R. 42, Mot. to Dismiss, PageID.323. This Court may very well resolve this matter without reaching the constitutionality of Public Act 256.

For this reason, the Department's request to intervene is based solely on the contingent event that this Court decides to address the constitutionality of Public Act 256 in this case in the future. In the alternative, if this Court determines that the narrow grounds for intervention are not ripe, the Department asks that the Court either hold the instant motion in abeyance until such time as it may become ripe, or that the Court deny the motion without prejudice and order Plaintiffs to provide a renewed notice under Rule 5.1 if this Court

decides to address the constitutionality of Public Act 256 in this case in the future. The latter approach is exactly what happened in two similar challenges filed in the Eastern District of Michigan, being the *Fox* and *Chuney* cases cited above.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, the Michigan Department of Attorney General respectfully requests that if this Court grants its motion to intervene under Federal Rule of Civil Procedure 24 for the limited purpose of addressing the constitutionality of Michigan's Public Act 256 of 2020 and set a date for the Department to file its response to Plaintiffs' challenge to the law upon certification of the question, consistent with Fed. R. Civ. P. 5.1(B).

    Respectfully submitted,

    */s/ Brian K. McLaughlin*
    B. Thomas Golden (P70822)
    Brian K. McLaughlin (P74958)
    Matthew B. Hodges (P72193)
    Assistant Attorneys General
    Michigan Dept. of Attorney General
    Revenue and Tax Division
    P.O. Box 30754
    Lansing, MI 48909
    (517) 335-7584
    goldent2@michigan.gov
    mclaughlinb2@michigan.gov
    hodgesm@michigan.gov

Dated: August 6, 2024

## CERTIFICATE OF SERVICE (E-FILE)

  I hereby certify that on August 6, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Brian K. McLaughlin*
B. Thomas Golden (P70822)
Brian K. McLaughlin (P74958)
Matthew B. Hodges (P72193)
Assistant Attorneys General
Michigan Dept. of Attorney General
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7584
goldent2@michigan.gov
mclaughlinb2@michigan.gov
hodgesm@michigan.gov

Dated:  August 6, 2024