UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| KAREN HOTTENROTT, *et al.*,       ) | |
| Plaintiffs,       ) | |
| ) | No. 2:23-cv-117 |
| -v-       ) | |
| ) | Honorable Paul L. Maloney |
| IRON COUNTY, *et al.*,       ) | |
| Defendants.       ) | |
| ) | |

## ORDER GRANTING MOTION TO INTERVENE

The Michigan Department of the Attorney General filed a motion to intervene in this lawsuit (ECF No. 50). The Attorney General requests a deadline for filing a responsive pleading. No party filed a brief opposing the motion. The Court will grant the motion.

Plaintiffs neglected to pay their property taxes. Defendant Counties initiated and completed tax foreclosures on Plaintiffs' real property. Because the state statute did not require Defendants to remit the difference between the sale price of the property and the taxes owed, the Michigan Supreme Court found the state statute unconstitutional. Michigan then enacted new legislation amending the foreclosure statute.

Plaintiffs sued Defendant Counties. As part of Count III, Plaintiffs assert that if the current version of the state statute does not require Defendants to remit both the surplus from the sale and any accrued interest, the statute violates the state and federal constitutions. In the prayer for relief, Plaintiffs seek a declaration that the retention of the surplus and the interest violates both constitutions.

Because Plaintiffs have challenged the constitutionality of a state statute, Rule 5.1(a) of the Federal Rules of Civil Procedure requires Plaintiffs to give the Michigan Attorney General notice of this lawsuit. Rule 5.1(c) gives the Attorney General 60 days to intervene after receiving notice. Plaintiffs gave notice to the Attorney General around June 10, 2024 (ECF No. 45). The Attorney General timely filed this motion to intervene on August 6, 2024 (ECF No. 50). When a plaintiff challenges the constitutionality of a state statute, the district court must permit the State to intervene to defend the question of constitutionality. 28 U.S.C. § 2403(b). When a federal statute gives a party the right to intervene, the court must permit intervention upon a timely filed motion. Fed. R. Civ. P. 24(a).

The Attorney General presents the motion as a contingency, identifying the contingent event as whether this Court decides to address the constitutionality of the revised statute. The Court declines this particular request. Both the statute and Rule 24 are written to require intervention when a pleading challenges the constitutionality of a state statute.

Accordingly, the Court **GRANTS** the Michigan Attorney General's motion to intervene (ECF No. 50). The Attorney General must file a responsive pleading within 30 days of this Order. **IT IS SO ORDERED.**

Date:  August 14, 2024  /s/ Paul L. Maloney  
Paul L. Maloney  
United States District Judge