UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN HOTTENROTT, *et al.*,

    Plaintiffs,

v

IRON COUNTY *et al.*,

    Defendants.

No. 2:23–cv–00117–PLM–SJB

HON. PAUL L. MALONEY

MAG. SALLY J. BERENS

# MICHIGAN DEPARTMENT OF ATTORNEY GENERAL'S MOTION TO DISMISS

B. Thomas Golden (P70822)
Brian K. McLaughlin (P74958)
Matthew B. Hodges (P72193)
Assistant Attorneys General
Michigan Department of
Attorney General
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 335–7584
goldent2@michigan.gov
mclaughlinb2@michigan.gov
hodgesm@michigan.gov

Dated: October 4, 2024

Pursuant to Federal Rule of Civil Procedure 12(b)(6), in lieu of filing an answer to the complaint, the Michigan Department of Attorney General moves to dismiss any claim and allegation related to Plaintiff's challenge to the constitutionality of Public Act 256, stating as follows:

1. The Michigan Department of Attorney General was granted 30 days to file a responsive pleading after its motion to intervene in this case was granted on August 14, 2024. ECF No. 26, PageID.478-479. The parties subsequently filed a stipulated order extending that deadline until October 4, 2024.

2. This Court has acknowledged that Plaintiffs raised a constitutional challenge in the complaint: "As part of Count III, Plaintiffs assert that if the current version of the state statute does not require Defendants to remit both the surplus from the sale and any accrued interest, the statute violates the state and federal constitutions." *Id.* at PageID.478.

3. Impliedly, Plaintiffs instant action also challenges the constitutionality and/or application of Public Act 256's exclusivity language, modifying Michigan's property tax laws and making the statute circuit court claims process the only method by which to claim

2

any surplus sales proceeds within the existing state court property tax collection case. See, e.g., Mich. Comp. Laws § 211.78t(6).

4. This Court should dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although Rule 12(b)(6) requires the Court to accept all well-pleaded factual allegations as true, the Court need not accept all legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009).

5. Plaintiffs have failed to state a claim upon which relief can be granted because Public Act 256 is constitutional, as set forth in the accompanying supporting brief.

6. Pursuant to W.D. Mich. LCivR 7.1, on October 3, 2024, counsel for the Michigan Department of Attorney General contacted counsel for Plaintiffs and Defendants to determine if they would oppose the motion. Plaintiffs' counsel did not respond. Defendants' counsel indicated that the motion would not be opposed.

3

## RELIEF REQUESTED

For these reasons, and the reasons stated more fully in the accompanying brief, the Michigan Department of Attorney General respectfully requests that this Court dismiss any claim related to Plaintiff's challenge to the constitutionality of Public Act 256.

Respectfully submitted,

/s/ Mattew B. Hodges
B. Thomas Golden (P70822)
Brian K. McLaughlin (P74958)
Matthew B. Hodges (P72193)
Assistant Attorneys General
Michigan Department of
Attorney General
Revenue and Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 335–7584
goldent2@michigan.gov
mclaughlinb2@michigan.gov
hodgesm@michigan.gov

Dated: October 4, 2024